Gregory G. Barnett, Esq.
Martin F. Casey, Esq.
**CASEY & BARNETT, LLC**
41 Madison Avenue, 25th Floor, Suite 2528
New York, New York 10010
(212) 286-0225
Attorneys for Plaintiffs

**14 CV 10198**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA a/s/o DEL MONTE INTERNATIONAL
GMBH - SWITZERLAND; THROUGH TRANSPORT
MUTUAL SERVICES (UK) LTD a/s/o FRESH DEL
MONTE PRODUCE, INC.

14 Civ.

        Plaintiffs,

**COMPLAINT**

        - against -

M/V STAR LEADER, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*;
GRACE OCEAN PRIVATE LTD,
*in personam* and STAR REEFERS POOL, INC.,

        Defendants.
------------------------------------------------------------------X



      Plaintiffs, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DEL MONTE INTERNATIONAL GMBH - SWITZERLAND and THROUGH TRANSPORT MUTUAL SERVICES (UK) LTD a/s/o FRESH DEL MONTE PRODUCE, INC. by and through its attorneys, CASEY & BARNETT, LLC, as and for their Complaint in a cause of action both civil and maritime, respectfully allege upon information and belief:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## PARTIES

2. At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA") was and is a corporation with an office and place of business located at 10 Exchange Place, Jersey City, New Jersey 07302, and is the subrogated underwriter of the consignment of bananas and pineapples laden on board the M/V STAR LEADER, as more specifically described below.

3. At all material times, THROUGH TRANSPORT MUTUAL SERVICES (UK) LTD (hereinafter "TT CLUB") was and is a corporation with an office and place of business located at 90 Fenchurch Street, London EC3M 4ST and is the subrogated underwriter of the containers that were loaded on deck of the M/V STAR LEADER, as more specifically described below.

4. At all material times, DEL MONTE INTERNATIONAL GMBH - SWITZERLAND (hereinafter "DMI" or together with FDM "DELMONTE") was and is a corporation organized and existing by virtue of the law of a state or country other than New York with an office and place of business located at 241 Sevilla Avenue, Coral Gables, Florida 33134. DEL MONTE INTERNATIONAL GMBH - SWITZERLAND was and is engaged, *inter alia*, in the importation, distribution and sale of fresh fruit, including bananas and pineapples into Europe, including Spain and Belgium and was the owner and or successor in title to a cargo of bananas and pineapples onboard the M/V STAR LEADER in January 2014.

5. At all material times, FRESH DEL MONTE PRODUCE INC. (hereinafter "FDM" or together with DMI "DEL MONTE") was and is a corporation organized and existing by virtue of the law of a state or country other than New York with an office and place of business located at 241 Sevilla Avenue, Coral Gables, Florida 33134, and was the owner and/or lessee of certain refrigerated containers that were laden on board the M/V STAR LEADER.

6. At all material times, the M/V STAR LEADER was and is an oceangoing reefer vessel built in 2010, that is flagged in the Singapore, has the call sign 9V9350, which engages in the common carriage of merchandise by water for hire between various foreign and domestic ports and which is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

7. Upon information and belief, at all material times, defendant GRACE OCEAN PRIVATE LTD was and is a foreign company with an office and place of business located in Singapore owns, operates, manages and/or charters ships, including the M/V STAR LEADER, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V STAR LEADER, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

8. Upon information and belief, at all material times, defendant STAR REEFERS POOL, INC. ("STAR") was and is a foreign company with an office and place of business located in Cayman Islands, and owns, operates, manages and/or charters ships, including the M/V STAR LEADER, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V STAR LEADER, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

9. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## FACTS

3

10.     On or about September 25, 2009 STAR entered into a time charter with Network Shipping Ltd. for the M/V STAR LEADER. The vessel was chartered, among other things, to transport Del Monte bananas and pineapples in containers on deck from Central America to various ports in Europe, including Marin, Spain and Antwerp, Belgium.

11.     On or about January 23, 2014, DEL MONTE and/or their representatives delivered to the *in personam* defendants and the M/V STAR LEADER, at the port of Moin, Costa Rica, a shipment of fresh green bananas and pineapples. A portion of the fruit was loaded under deck while other fruit was loaded into refrigerated containers and stowed on-deck of the M/V STAR LEADER. The bananas, pineapples and containers were owned by and/or consigned and/or leased to DEL MONTE, and were in good order and condition at the time they were delivered to the *in personam* defendants and vessel for carriage aboard the M/V STAR LEADER, to Antwerp, Belgium. The transportation was all in consideration of an agreed freight and in accordance with the terms of one or more bills of lading, which were then and there signed and delivered to the shipper of the cargo by the duly authorized agent, representative and/or employee of the *in personam* defendants and the M/V STAR LEADER.

12.     Plaintiffs refer to said bills of lading for greater certainty as to the contracts of carriage which they represent and will produce the originals or copies thereof at trial.

13.     On or about February 4, 2014 the vessel arrived in Marin, Spain and discharged her cargo. The vessel then departed from Spain at about February 4, 2014 at 1840 hours destination Antwerp, Belgium.

14.     Upon departing Spain, the Vessel encountered a storm and on February 5, 2014, while the vessel was in transit heading along the Portuguese coast towards Cap Finisterre, the vessel

reported that a total of 15 (fifteen) containers fell overboard into the sea and were lost and at least one additional container toppled over on deck and broke open and damaged.

15. The vessel arrived in Antwerp on February 7, 2014.

16. As a result of the damage to the fruit that was in the containers that were lost overboard and/or collapsed on deck, DELMONTE was damaged in the form of lost sales. In addition, DELMONTE incurred the expense of cleaning, storing and disposing of the damaged containers that were still on deck.

17. The losses sustained by DELMONTE were not the result of any act or omission of DELMONTE but, on the contrary, were due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of *in personam* defendants as well as the unseaworthiness of the M/V STAR LEADER which was discoverable by the exercise of due diligence.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between DMI and IINA, which provided coverage for, among other things, loss or damage to the consignment of bananas and pineapples.

19. Pursuant to the aforementioned contract of insurance between DMI and IINA, monies have been expended on behalf of DMI to the detriment of IINA due to the damages sustained during transit.

20. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

21. By reason of the foregoing, IINA has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $296,208.35.

22. At all times relevant hereto, a contract of insurance for property damage was in effect between FDM and TT Club, which provided coverage for, among other things, loss or damage to the refrigerated containers.

23. Pursuant to the aforementioned contract of insurance between FDM and TT Club, monies have been expended on behalf of FDM to the detriment of the TT Club due to the damages sustained during transit.

24. As the TT Club has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, TT Club has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

25. By reason of the foregoing, TT Club has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $338,234.29.

26. Plaintiffs have a maritime lien against the M/V STAR LEADER and the *in personam* defendants for the damages referred to herein and will enforce that lien in these proceedings.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

27. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28. During the transit from Spain to Belgium, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the aforesaid damage to the cargo and containers.

29. The *in personam* defendants and the M/V STAR LEADER failed to deliver the cargo and containers to the plaintiffs at the intended port of destination in the same good order and condition as when received by defendants at the port of loading.

30. The loss of the aforementioned cargo of bananas and refrigerated containers did not result from any act or omission on the part of the plaintiffs, but to the contrary, was the result in whole or in part, of the negligence and/or fault of the *in personam* defendants and/or the unseaworthiness of the M/V STAR LEADER.

31. By reason of the foregoing, plaintiffs have sustained damages in the total amount of $634,452.64 plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

32. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 31, inclusive, as if herein set forth at length.

33. As the owner, operator, charterer, and/or manager of the M/V STAR LEADER, defendants Grace Ocean and Star Reefers Pool were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V STAR LEADER during North Atlantic voyages. Moreover, the said defendants were sub-bailees of the cargoes and containers referred to aforesaid and in any event, as the parties having custody and control of the property and chattels of others, said defendants were obligated to

7

exercise due diligence to properly care for those cargoes and containers, a responsibility which included exercising due diligence to ensure that the M/V STAR LEADER was seaworthy for the voyage.

34.     The losses sustained by plaintiffs were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions they was responsible, including, but not limited to, their failure to maintain the M/V STAR LEADER in a seaworthy condition.

35.     By reason of the foregoing, plaintiffs have sustained damages in the total amount of $----- $634,452.64, plus expenses, no part of which has been paid, although duly demanded.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

36.     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 35, inclusive, as if herein set forth at length.

37.     Defendants GRACE OCEAN and STAR REEFER POOL, as managers and owners of the M/V STAR LEADER, were responsible for manning, maintaining and repairing the vessel.

38.     The damage to the cargo and containers, as described aforesaid, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V STAR LEADER, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the hull and machinery of the vessel.

39.     By reason of the foregoing, plaintiffs have sustained damages in the total amount of $$634,452.64, plus expenses, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiffs pray:

1. That process in due form of law issue against the defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

2. That if the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment to secure plaintiffs' claims;

3. That *in rem* service of process be issued against the M/V STAR LEADER, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

4. The Court order, adjudge and decree that defendants pay to plaintiffs the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       December 23, 2014
       115-1308

                                      **CASEY & BARNETT LLC**
                                      Attorneys for Plaintiffs

By: _____
      Gregory G. Barnett.
      Martin F. Casey
      41 Madison Avenue, Suite 2528
      New York, New York 10010
      (212) 286-0225