UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o DEL MONTE INTERNATIONAL GMBH-SWITZERLAND; THROUGH TRANSPORT MUTUAL SERVICES (UK) LTD. a/s/o FRESH DELMONTE PRODUCE, INC.,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>M/V STAR LEADER, her engines, boilers, tackle, furniture, apparel, etc., *in rem;* GRACE OCEAN PRIVATE LTD., *in personam* and STAR REEFERS POOL, INC.,<br><br>                    Defendants. | 14 Civ. 10198 (JSR)<br><br><br>**DECLARATION OF<br>WU YIXUAN<br>PURSUANT TO 28 U.S.C. § 1746** |

Wu Yixuan hereby declares as follows:

1.      I am, and at all material times relevant to Plaintiff's Complaint in this matter, the Assistant Operation Manager of Defendant Grace Ocean Private Ltd. ("Grace"), which maintains its commercial office and principal place of business in Singapore.

2.      In my position as Assistant Operation Manager of Grace, I am aware of its operations and business and the identity of its officers, directors, employees, representatives, and agents.

3.      I submit this Declaration in support of Grace's Motion to Dismiss the Plaintiff's Complaint in this matter the ground that this Honorable Court lacks personal jurisdiction over Grace and that this action was commenced in an improper forum.

4.      Grace is a company organized and existing under Singapore law with offices in Singapore.

5. Grace maintains no offices or employees in New York or the United States as a whole.

6. No officer, director, stockholder, representative, agent or employee of Grace is a resident of the state of New York.

7. Grace is not and has never been licensed or authorized to do business in any state of the United States.

8. Grace has never maintained any office or place of business in the United States.

9. Grace has never designated an agent for service of legal process in any state of the United States.

10. Grace has never owned, leased or purchased any real property in any state of the United States.

11. Grace has never maintained any mailing address or telephone listing in the United States.

12. Grace has never solicited business in any state of the United States.

13. Grace has never sent any agents, servants, officers, directors, shareholders or employees to any state of the United States to conduct business on its behalf.

14. Grace has never been assessed nor paid any taxes in any state of the United States.

15. Grace has never maintained a bank account in any state of the United States.

16. Grace is the registered Owner of the Vessel.

17. Star is the time chartered, *pro hac vice* Owner of the Vessel under a charter party between Southern Route Maritime S.A. (the registered owner prior to Grace) and Star dated July 29, 2009, which charter party was novated to Grace.  *See annexed Exhibit 1.*

18. Pursuant to Clause 40 of the July 29, 2008 charter party, Star and its agents were authorized to issue bills of lading on behalf of the Vessel's Master.

19. Star sub time chartered the Vessel to Network Shipping Ltd. pursuant to a charter party contract dated September 25, 2009.

20. The M/V STAR LEADER was time-chartered to Star, which sub-chartered the Vessel to non-party Network, which issued the bills of lading for the subject shipment of Del Monte's cargo Colombia and Costa Rica to ports in Europe.  *See Bills of Lading annexed hereto as Exhibit 2*.

21. Grace did not, and does not, direct vessels to call at ports in the United States, as all such directions are made by the charterers of the STAR LEADER, in this case being either co-defendant Star or non-party Network.

22. The cargo that is the subject matter of the Plaintiffs' Complaint was loaded on the Vessel at Moin, Costa Rica and was to be delivered at Antwerp, Belgium.

23. The subject voyage has no connection to New York or the United States as a whole as the shipment originated in Colombia and Costa Rica and was destined for port in Europe.

24. Grace did not authorize the bills of lading to be issued by any party other than Star or its designated agents.

25. The subject bills of lading were issued on behalf of the Master of the Vessel by "Corporacion de Desarrollo Agricola Del Monte, S.A." at Moin, Costa Rica.  *See Bills of Lading annexed hereto as Exhibit 2*.

26. There is no contract between any of the Plaintiffs and Grace.

27. "Corporacion de Desarrollo Agricola Del Monte, S.A." is not a designated agent of Star.

28.     On information and belief, Corporacion de Desarrollo Agricola Del Monte, S.A. was the agent of the sub-charter, Network Shipping, both of which I understand to be affiliated companies and/or subsidiaries of Fresh Del Monte Produce Inc. *See List of Subsidiaries of Fresh Del Monte Produce Inc. annexed hereto as Exhibit 3. See also* www.freshdelmonte.com/our-company/contact-us.

29.     The subject bills of lading were issued without Grace's authority.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of May, 2015 at Singapore.



[4]